IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GENE COGGINS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO.: 3:09-cv-40-TMH |
| | ) |
| UNITED STATES DISTRICT COURT | ) (WO - Do Not Publish) |
| EASTERN DIVISION, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## **MEMORANDUM OPINION AND ORDER**

On January 20, 2009, Plaintiff Gene Coggins, a frequent *pro se* litigant[1] in this Court,

brought suit against the United States District Court for the Middle District of Alabama, the

Clerk of the Court,[2] all of the Magistrate Judges currently serving on this Court,[3] a person

who served as a Magistrate Judge for this Court until her resignation on December 31, 2006,[4]

all of the active District Judges,[5] and one of the Court's Senior Judges.[6] Along with the

---

[1] Including this case, it appears that Coggins has filed forty-six lawsuits in this Court
since 1992. All but seven of those suits have been filed in the past five years. Twenty-five
of them have been filed since January of 2008.

[2] Debra Hackett is the Clerk of the Court.

[3] The Magistrate Judges currently serving in this District are Susan Russ Walker,
Charles S. Coody, Wallace Capel Jr., and Terry F. Moorer.

[4] This is former Magistrate Judge Delores R. Boyd.

[5] Chief Judge Mark E. Fuller, Judge Myron H. Thompson, and Judge W. Keith
Watkins are the active district court judges on this Court named.

[6] The Complaint named Senior Judge W. Harold Albritton.

Complaint (Doc. # 1),[7] Coggins filed an Affidavit or Declaration in Support of Motion to Proceed *in Forma Pauperis* (Doc. #2), which this Court construes as a Motion for Leave to Proceed *in Forma Pauperis*. For purposes of this Memorandum Opinion and Order, the Court assumes, *without deciding*, that Coggins satisfies the economic eligibility criterion for proceeding *in forma pauperis* under 28 U.S.C. § 1915(a).

## SUMMARY OF ALLEGATIONS

Coggins alleges that the named defendants have denied him due process of law, his freedom to select the proper court and judges as part of the natural liberties and the Ninth Amendment to the United States Constitution, his rights under the First Amendment against discrimination against the poor and his right to appeal in any court *in forma pauperis*. He further alleges that the judges of this Court have behaved in an improper and corrupt fashion and handled his prior lawsuits by handling those suits despite having been sued by Coggins. Coggins submits that he has been attempting to use to the Court to seek a remedy for violations of various of his rights under the United States Constitution, but that this Court and its judges compound and increase the violations of his rights by how they have handled his cases. He seeks damages for pain and suffering, injunctive relief, and criminal charges against the Defendants.

_____

[7] Coggins has labeled his initial filing as "Motion for Federal Corruption, Intentional Fraud, Breaking the Oath of Office, Perjury, Civil Rights Violations, and Through Direct or Association, Creating Grand Theft and Destruction of Private Property." The Court will refer to this document simply as the Complaint.

2

## DISCUSSION

Upon review of the complaint filed in this case, the Court concludes that dismissal of

the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B). The

statute provides, in pertinent part:

> [T]he court shall dismiss the case at any time if the court determines that . . .
> the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on
> which relief may be granted; or (iii) seeks monetary relief against a defendant
> who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, Section 1915

> allows the district court to dismiss the complaint prior to service of process if
> it determines the complaint to be frivolous or malicious and spare the
> defendant the inconvenience and expense of answering a frivolous complaint.

*Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. June 16, 1981).[8] *See also, Procup v. Strickland*,

760 F.2d 1107, 1114 (11th Cir. 1985).  A claim is legally frivolous when it lacks an arguable

basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

Because the defendant judges are all sued for actions they took while acting in their

judicial capacity, they are entitled to absolute judicial immunity.  "Judges are entitled to

absolute judicial immunity from damages for those acts taken while they are acting in their

---

[8] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981)
(*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions
handed down prior to the close of business on September 30, 1981.

judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *Accord, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dennis v. Sparks,* 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his or her judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his or her judicial capacity. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Coggins' allegations against the defendant judges all clearly implicate acts taken in their judicial capacity for which they are entitled to absolute judicial immunity. Without commenting on the merits or lack thereof of any of the numerous lawsuits filed by Coggins, if a district judge or a clerk or a magistrate judge has been in error in rulings or official court actions initiated by them, the path for challenging such rulings is an appeal to an appellate court. The law does not subject a court, a judge, a clerk or a magistrate judge to suit by unsuccessful litigants. Thus, Coggins' dispute with the rulings of the defendant judges in other cases does not state a cognizable federal claim. His sole remedy for his dissatisfaction with the rulings of the defendant judges is to seek further relief in those cases by timely and

4

properly pursuing an appeal of the rulings to the appropriate appellate court. Because it is clear that Coggins cannot cure this pleading defect, his claims against the defendant judges must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327.

Quasi-judicial immunity bars Coggins' claims against the Clerk of the Court. Quasi-judicial immunity extends to those servants and agents who facilitate the judicial process. *See, e.g., Kipkirwa v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 145 F.3d 1338 (9th Cir. 1998) (affirming dismissal of claims against federal judges and clerks on the grounds of absolute judicial immunity and quasi-judicial immunity); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2nd Cir. 1997) (extending judicial immunity to clerks of the court for tasks which are judicial in nature and an integral part of the judicial process or for administrative functions undertaken pursuant to explicit direction of a judicial officer or pursuant to established practice of the court); *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981), *cert.* denied, 459 U.S. 840 (1982); *Awala v. Gold*, No. 08-20248-CIV, 2008 WL 540687 at *1-*2 (S.D. Fla. Feb. 25, 2008) (dismissing claims against Clerk of the Court, judges, and the federal district court itself pursuant to 28 U.S.C. § 1915(e)); *Hanner v. U.S. Gov't*, 660 F. Supp. 77, 78 (S.D. Miss. 1986) (recognizing that clerk has quasi-judicial immunity from suit); *Anderson v. United States of America*, No. 90-2638-LFO, 1990 WL 183514 at *1 (D.D.C. Nov. 13, 1990) (dismissing claim against clerk of the court for failure to serve *in forma pauperis* complaint). Thus, like the claims against the defendant judges,

5

the claims against the Clerk of the Court Debra Hackett are due to be dismissed because they are also frivolous and based on an indisputably meritless legal theory.

Finally, Coggins' claims against the United States District Court for the Middle District of Alabama are frivolous and based on an indisputably meritless legal theory. As a part of the government of the United States of America, the United States District Court for the Middle District of Alabama is entitled to sovereign immunity which bars suit absent an explicit waiver of that immunity. *See, e.g., United States v. Shaw*, 309 U.S. 495, 500-01 (1940) (a suit against the United States or its agencies is barred by the doctrine of sovereign immunity unless the United States gives prior consent to suit).

Even if the Court were to construe Plaintiff's action as a *Bivens* action,[9] the action is meritless. A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials, who have allegedly denied a plaintiff's constitutional rights, in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390-97 (1971); *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Because a *Bivens* cause of action may be brought only against federal defendants in their individual capacities, Coggins claims against the United States District Court for the Middle District of Alabama are meritless. *See also,*

---

[9] While Coggins does not explicitly claim to be bringing a *Bivens* action, this is one of few ways to bring suit against a federal actor that is not barred by the doctrine of sovereign immunity.

*Accardi v. United States*, 435 F.2d 1239 (3rd Cir. 1970); *Fixel v. United States*, 737 F. Supp.

593, 598 (D. Nev. 1990) (dismissing as frivolous under § 1915 suit against federal district

court), *aff'd* 930 F.2d 27 (9th Cir. 1991). Similarly, any claim under the Federal Tort Claims

Act ("FTCA"), *see* 28 U.S.C. §§ 1346(b)(1), 2671 *et seq.*, is without merit. 28 U.S.C. §

2679(a); *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990).

   While Coggins complains about the fact that many of his prior cases have been

dismissed by the defendant judges *sua sponte* prior to service, this practice is wholly

consistent with federal law. As the Eleventh Circuit Court of Appeals recently explained,

it is the recognized law of this circuit

> that district courts have the inherent power to *sua sponte* dismiss frivolous
> suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*,
> 695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without
> arguable merit either in law or fact." *Bilal*, 251 F.3d at 1349. In discussing
> what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh
> Circuit] also ha[s] held that "[a] district court may conclude a case has little or
> no chance of success and dismiss the complaint before service of process when
> it determines from the face of the complaint that the factual allegations are
> 'clearly baseless' or that the legal theories are 'indisputably meritless.'"
> *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, No. 07-12754, 2008 WL 67676 at \*3 (11th Cir. Jan. 8, 2008). A district

court is not required to allow a clearly baseless action to proceed to allow a litigant to employ

"the legal system as a tool to intimidate and heckle those he imagines have done him wrong."

*Id.*

   As set out above, the Court finds that all of Coggins' claims in this action: (1) are

frivolous or malicious;[10] (2) fail to state any claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such invectives. That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Thus, the Court must and will dismiss Coggins' claims as set forth in the Complaint in this case.

### CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Even assuming *arguendo* that the Motion for Leave to Proceed *in Forma Pauperis* (Doc. # 2) is due to be GRANTED to the extent that Plaintiff Gene Coggins' Complaint could be filed without the prepayment of fees, Plaintiff Gene Coggins' Complaint is hereby DISMISSED prior to service on Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

2. An appropriate judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this the 30th day of April, 2009.

*Truman M- Hobb*

UNITED STATES DISTRICT COURT JUDGE

---

[10] The Court finds that Coggins' claims in this action are frivolous. The Court also suspects that the manifest purpose of Coggins' compliant is not to rectify any cognizable harm, but only to harass the judges and clerk of this court because he disagrees with the prior actions of this court. It is worth noting that in similar circumstances some courts have also characterized such claims as malicious. *See, e.g., Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2nd Cir. 1999) (interpreting as mandatory identical language in provision of § 1915 addressing suits by inmates in a factually similar context and finding the plaintiff's claims warranted dismissal as "malicious.")